**MURPHY et al. v. TINSLEY.** (No. 8738.)

(Court of Civil Appeals of Texas. Dallas. Jan. 6, 1923.)

**1. Pleading ⟨⇒⟩111—Evidence on plea of privilege held not to sustain finding of fraud committed in county of suit.**

Evidence on pleas of privilege by defendants to be sued in the county of their residence, opposed by the plaintiff on the ground that defendants had committed acts of fraud within the county in which the suit was brought so as to make the case triable there, under Rev. St. art. 1830, § 7, *held* insufficient to sustain the court's finding that the agent of the defendants fraudulently misrepresented that the stock sold to plaintiff was sold by the corporation, and not by defendants.

**2. Principal and agent ⟨⇒⟩156—Misrepresentations by agent after termination of business not fraud of principals.**

A letter written by an agent authorized to sell corporate stock for his principals after the sale was completed and a note given for the purchase price, but before payment of the note, falsely stating that the stock was sold by the corporation, and not by his principals, does not tend to establish commission of fraud by the principals.

Appeal from Hill County Court; W. L. Wray, Judge.

Action by Charles Tinsley against Mike Murphy and others. From orders overruling separate pleas of privilege filed by defendants Mike Murphy and R. D. Lindley, those defendants separately appeal. Reversed and remanded, with instructions to transfer the suit.

Collins, Dupree & Crenshaw, of Hillsboro, for appellants.

JONES, C. J. This is an appeal from the county court of Hill county overruling the separate pleas of privilege filed by appellants Mike Murphy and R. D. Lindley in this suit. Both pleas were in regular form, each alleging the residence of appellant in Dallas county. Appellee filed a controverting affidavit, also in regular form, and sought to hold the venue of the case in Hill county, under subdivision 7 of article 1830 of the Revised Statutes, on the ground that fraud had been practiced on him by each of the appellants, and that the acts of fraud had been committed in Hill county.

The suit was originally filed in the justice court of Hill county against the appellants, Mike Murphy and R. D. Lindley, and also against one A. E. Shahan. The grounds for the suit were the claim that the three defendants had pooled certain stock of the Great Southern Oil & Refining Association owned by them, for the purpose of selling same, and had appointed one S. O. Lewis to sell same, and that he sold to appellee 10 shares of stock for the sum of $100, said sum to be paid one-third in cash, one-third in 30 days, and one-third in 60 days, from the date of sale, which was early in January, 1919. It was alleged that said agent represented himself to be an agent of the Great Southern Oil & Refining Association, and that appellee never knew that he was not the agent of said association until some time after his cause of action had accrued.

Appellee alleged that he paid the one-third cash and the first deferred payment at the time of its maturity, by sending it to appellant Murphy at the request of Shahan; that he attempted to make the third payment by sending the amount to the Great Southern Oil & Refining Association at Dallas, and his check was returned with the advice that he had not subscribed for stock with the association, and it knew nothing of his having subscribed for any stock; that afterwards he learned this payment should have been made to A. E. Shahan, and, some 60 days after it matured, he sent his check for the amount to Shahan, at Dallas, when it was returned to him with the advice that, by reason of his default in the third payment, his payments had been theretofore forfeited under the terms of the contract, and that he was not entitled to any stock and none would be issued to him.

The ground of fraud alleged in the petition was as follows:

"Plaintiff represents that the acts of defendants in selling to him their individual stock, representing at the time that he was dealing with the agent of the Great Southern Oil & Refining Association, and their acts in failing to advise him where to send his last installment, together with their act in selling more stock than they had to sell, were acts of fraud upon this plaintiff; that all the said acts of defendants were done with the intent to defraud him out of his money paid, to wit, $67."

He further alleged that the stock had advanced in market value and was at said time worth $200 instead of the purchase price of $100. He prayed that he recover his damages, which were placed at $167, and, in the alternative, that appellants be required to deliver to him the said stock as per contract.

The pleas of privilege were presented in the justice court and overruled, and upon trial appellee recovered judgment in said court against appellant Mike Murphy for the sum of $167, but judgment was given in favor of appellant R. D. Lindley. Appellee dismissed his cause of action against A. E. Shahan on the ground that he was beyond the jurisdiction of the court.

An appeal was taken by Mike Murphy to the county court of Hill county, where the pleas of privilege were again presented, and, upon hearing, overruled by the court. This

⟨⇒⟩For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

appeal is prosecuted by each of the appellants on the order of the court overruling the pleas of privilege, each prosecuting a separate appeal.

At the request of each of the appellants, the court filed conclusions of fact and of law. The conclusions of fact are to the effect that each of the appellants and A. E. Shahan, at the time of the sale of the stock to appellee, represented to him that said stock was being purchased from the Great Southern Oil & Refining Association, through an agent in Abbott, Hill county, Tex., and, for the purpose of misleading the appellee, A. E. Shahan and the agent selling the stock used the letter heads, contracts, notes, etc., of the Great Southern Oil & Refining Association; that on the 13th day of February, 1919, A. E. Shahan advised appellee where to send his second payment, and in said letter made false and fraudulent representations in order to continue to mislead the appellee and obtain the second payment on said oil stock; that appellee believed all of the representations made, and believed that he was purchasing his stock from the Great Southern Oil & Refining Association; that it was never the intention of appellants to comply with their contract and furnish appellee the oil stock he purchased, but that they were misleading him, in the matters above referred to, so that he would be in default in his third payment and thereby furnish the opportunity to cancel his contract and forfeit his payments; and that all of these false representations were made in Hill county.

Each of the appellants reserved exceptions to the findings of the court as being unsupported by the evidence, and each has assigned error thereon.

[1] A careful consideration of the evidence leads us to conclude that these assignments are well taken. The sale was made on a written application by appellee to purchase 10 shares of the stock from A. E. Shahan. That application also provided that on the completion of the payments for the stock A. E. Shahan was to deliver the 10 shares thus contracted to be purchased; and it was further provided in said application that, if any installment should remain unpaid for a period of 30 days after its maturity, all rights under the application, and all moneys theretofore paid, should be forfeited as liquidated damages. At the same time appellee signed the written application, he executed his note in favor of A. E. Shahan, of Dallas, Tex., This note, following the application, was payable in two equal installments at 30 and 60

days from date, and provided that each of these installments should be paid at the office of A. E. Shahan, Great Southern Building, Dallas, Tex. The note also contained the same forfeiture clause as that in the application.

[2] The evidence further disclosed that, before the first installment of the note became due, Shahan wrote the appellee a letter directing him to make said payment to M. Murphy, at 1102 Southwestern Life Building, Dallas, Tex. This letter was of date February 13, 1919, and contained statements from which appellee could have concluded, in the absence of his written application and note, that his stock was to be issued by the Great Southern Oil & Refining Association. This, however, was some time after the purchase of the stock and the execution of the note, and appellants, Murphy and Lindley, are in no way shown to have been connected with such misrepresentations, and does not establish, or tend to establish, the commission of fraud by these appellants.

The ex parte deposition of Mike Murphy was read in evidence, which does not show any act of fraud on the part of appellant Murphy or appellant Lindley. A letter was also read in evidence, written by Shahan, but this does not even tend to connect either appellant with any act of fraud, if same be considered as legal evidence against them. It is suggested, however, that the deposition is only admissible against Murphy, and that as the record now stands the letter is only admissible as a circumstance tending to explain appellee's default in the third payment.

The written application executed by appellee, together with the note executed by him at the same time, clearly charge him with notice that he was dealing with Shahan, and not with an agent of the Great Southern Oil & Refining Association. At the time he purchased the stock, he contracted to make the payments in Dallas, Tex. Each of the appellants resided there, and, unless appellee brings his cause of action clearly within the exception given in section 7 of article 1830, Rev. St., and shows that appellants were guilty of fraud in Hill county, venue of the suit must be laid in Dallas county. This he failed to do, and the assignments of error on the court's findings of fact are sustained. The cause is reversed and remanded as to each of the appellants, with instructions that the suit be transferred to one of the county courts of Dallas county.

Reversed and remanded, with instructions.